■ In the Matter of WOODLAWN HEIGHTS TAXPAYERS AND COMMUNITY ASSOCIATION et al., Petitioners, v NEW YORK STATE LIQUOR AUTHORITY et al., Respondents. [763 NYS2d 317] —In this proceeding pursuant to CPLR article 78 (transferred to this Court pursuant to CPLR 7804 [g] by order of the Supreme Court, New York County [Herman Cahn, J.], entered May 30, 2002), determination of respondent New York State Liquor Authority dated October 22, 2001, which approved the application of Branty's, Inc. to alter and expand its restaurant and bar operations, unanimously annulled, without costs, and the matter remanded to respondent for further proceedings in accordance with this decision.

This transferred proceeding arises from a decision of the State Liquor Authority (SLA) regarding the application of Branty's, Inc., a restaurant/bar, to expand its business premises and hence its operations into two adjacent storefronts in this North Bronx neighborhood. Among other changes, the proposal would increase its restaurant seating from 20 seats to 100 seats, and its overall capacity from 96 persons to 200 persons, for a business that would operate seven days a week, from 10:00 A.M. to 4:00 A.M., and offer live music during some of that time. Respondent conducted a public hearing at which proponents and opponents of the alteration and expansion

submitted arguments. Petitioner Association, comprised of numerous neighborhood residents, opposed the expansion on various grounds having to do in the main with the prevalence of licensed establishments in close proximity to one another, the location of a school on the block, the residential nature of the block and surrounding neighborhood and the increasing traffic and noise and a decrease in available parking resulting from the existing licensed establishments. The restaurant's supporters include many area residents who favor the availability of restaurant services, and who note that other nearby establishments, Rory Dolan's and Tara Hill, enjoy a good reputation. Interestingly, Mr. Rory Dolan, a part owner of the establishment bearing his name, is also a principal of Branty's. In any event, with local petitions supposedly bearing some 1,200 names opposing any new liquor establishments in the area, and a local Member of the City Council as a named petitioner, yet with numerous other local residents also favoring expanded services in the local vicinity, the matter is controversial, all the more reason that the proceedings be and appear to be scrupulously fair and objective. Yet one of the SLA Commissioners, respondent Joseph Zarriello, at a meeting held August 14, 2001, stated his opinion that the area actually needed more establishments like Rory Dolan's, and that contrary to petitioners' position, the area was not oversaturated with such establishments. These comments, which are at the core of the issue concerning the alteration, were offered in a public forum, before any vote was taken, and clearly indicate a preconceived bias on the part of that Commissioner. Zarriello thereafter refused to recuse himself when the formal vote was conducted.

The Court of Appeals has made clear that "where * * * an administrative official has made public comments concerning a specific dispute that is to come before him in his adjudicatory capacity, he will be disqualified on the ground of prejudgment if 'a disinterested observer may conclude that [he] has in some measure adjudged the facts as well as the law of a particular case in advance of hearing it' " (*Matter of 1616 Second Ave. Rest. v New York State Liq. Auth.*, 75 NY2d 158, 162 [1990] [citations and internal quotation marks omitted]). That principle applies here. Hence, we vacate the determination and remand for a reconsideration of the findings, in which Commissioner Zarriello will not participate. Insofar as we reverse and vacate on the basis that the matter appears to have been prejudged, we do not reach the merits. Concur—Tom, J.P., Mazzarelli, Andrias, Friedman and Marlow, JJ.